# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ELIJAH MUKARRAM | ) | |
| PLAINTIFF | ) | SUPERIOR COURT CASE NO: 2008CV152848 |
| VS | ) | |
| COUNTRYWIDE HOME LOANS | ) | FILED IN OFFICE JUN 30 2008 DEPUTY CLERK SUPERIOR COURT FULTON COUNTY, GA |
| DEFENDANT | ) | |

COMPLAINT AT LAW

NOW COMES ELIJAH MUKARRAM the plaintiff, in propria persona and relying on the decisions in Haines vs. Kerner, 404 U.S. 519 and show their Complaint against the Defendants as follows:

JURISDICTION

Jurisdiction in this action at law is based on the Constitution of the United States and in particular the 7th Amendment as this is a suit at common law. Jurisdiction is further invoked under the Constitution of the State of Georgia and Particular Article 1 Section 1 Paragraph 9 which preserves the right to trial by jury in an action at law and jurisdiction is further invoked under 18 U.S.C. Sec 1964.

PARTIES TO THE ACTION

1. The Plaintiff in this action is a citizen of the United States and a resident of the State of GA. The Plaintiff name and address is as of follows: Elijah Mukarram, 1891 Tremont Drive, NW, Atlanta, GA 30314. The Defendant in this Complaint is Countrywide Home Loans.

Whose Business address is as follows:
**Countrywide Home Loans**
**P. O. box 680694**
**Dallas, TX 75266-0694**

**FACTUAL BACKGROUND**

2. On or about September 7, 2005 Countrywide Home Loans did verbally represent to the plaintiff that they had approved a loan to him for the sum of $425,000.00 in lawful money of the United States at an annual interest rate of 8.00%.

3. The defendant Countrywide Home Loans and its loan officer, knew or should have known statement that they would lend the plaintiff "lawful money of the United States" at an annual interest rate of 8.00% was a false representation that was made recklessly and with deliberate and intentional disregard for the rights of the plaintiff.

4. Relying on these false representations, the plaintiff was induced into signing a mortgage note on or about September 7, 2005. Since the date of the loan, the plaintiff has made payments of principal and interest totaling $67,478.81.

5. After the plaintiff had signed the mortgage note, The Defendant Countrywide Home Loans did fail to lend the plaintiff lawful money of the United States for the full value of the loan.

6. In carrying out their commitment to lend lawful money of the United States, the Defendant Countrywide Home Loans did write a check(s) for the sum of $425,000 on or about September 7, 2005. The Defendant Countrywide Home Loans and its loan officer knew or should have known that they were accepting, lending checks which they had received either directly or indirectly from a commercial bank. They knew or should have known that the bank upon which the check for this loan was drawn had insufficient funds to redeem this check in lawful money of the United States.

7. The Defendant Countrywide Home Loans and its loan officer did use the U.S. Mails more than twice since the date of the loan to collect money on this debt. The plaintiff did not become aware of the fraudulent activity alleged in this complaint until on or, around January 2008.

8. The check(s) which Countrywide Home Loans wrote for the sum of $425,000.00 was/ were not backed by or redeemable for their full face value in Federal Reserve Notes, Coins, or lawful money of the United States.

9. The Defendant Countrywide Home Loans knew or should have known that the checks they deposited in the bank account to cover the check(s) they wrote for this loan were bad checks. Subsequently, the bank, against whom Countrywide Home Loans wrote the check(s) never did redeem this check in lawful money of the United States, nor did the bank have in its possession the cash to redeem that check. The Bank merely laundered the bad checks by transferring some book entries.

10. The Defendant Countrywide Home Loans, and their Loan Officer, knew or should have known that they were a party to a check kiting scheme by laundering bad checks which they had received either directly or indirectly from one or more commercial banks that originated the scheme.

11. The Defendant, Countrywide Home Loans and their loan officer, knew or should have known that they were violating usury laws by charging interest on non-existent funds. The interest rate charged for the actual lawful money risked in making this loan is estimated to be twenty times greater than that agreed to in the note signed by the plaintiff. The interest rate charged should have been applied only to the lawful money risked in making this loan and instead was applied against the entire check even though this check is estimated to have been backed by only 5% of its face value in lawful money. The Bank against whom this check was drawn was a party to this check kiting scheme.

(1)

BREACH OF CONTRACT. The Averments of the previously numbered paragraphs are restated by reference herein. The Defendant Countrywide Home Loans and its loan officer failed to lend the plaintiff lawful money of the United States and instead substituted a bad check with the intended purpose of circulating it as money,

(2)

FRAUD AND RACKETEERING. The averments of the previously numbered paragraphs are restated by reference herein. The Defendant Countrywide Home Loans and its officers, and one or more unknown banks are parties to the writing and laundering of a bad checks) written by

Countrywide Home Loans on or around September 7, 2005. All these parties are in collusion in using U.S. Mails and Wire Services to Collect on this unlawful debt in violation of 18 U.S.C. 1341 (mail Fraud) and 18 U.S.C. 1343 (wire Fraud) and 18 U.S.C. 1962 in establishing a "pattern of racketeering activity". Plaintiff ask for triple damages for actual and compensatory damages sustained pursuant to 18 U.S.C. 1964 from each and every defendant.

(3)

USUARY AND RAKETEERING. The averments of the previously numbered paragraphs are' restated by reference herein. By virtue of John and Jane Does who were the banks that were writing and passing bad checks to Countrywide Home Loans and by Virtue of Countrywide Home Loans depositing these bad checks and nonexistent funds, and by virtue of the tact *these* checks were backed by 5% or less of their face va1'ue in cash, Countrywide Home Loans did knowingly charge an interest rate on lawful money actually risked that was about 20 times greater than the interest rate agreed to in the note signed by the plaintiff. They did this in violation of 18 U.S.C. 1341 (mail fraud) and 18 U, S.C. 1962 by engaging in this pattern of racketeering activity.

RELIEF REQUESTED

1 .Plaintiff ask for actual damages for the sum of $67,478.81 and compensatory damages to be determined as well as three times this amount in punitive damages against each and every defendant on any count.

2. Plaintiff demand a trial by jury to be comprised of 12 members to determine all issues of facts in dispute and to determine and award all damages.

3. Plaintiff ask for a court order declaring the mortgage note to be null and void.

Elijah Mukarram
Plaintiff
In Propria Persona

VERFICATION
(Affidavit)

The Undersigned Affiant Elijah Mukarram by appellation does here swear declare and affirm that the Affiant executes this affidavit with sincere intent and competently states the matters set forth. I the undersigned being under oath and declare under penalty of perjury, that I do not have an attorney to represent me in this case. Also that the contents are true, correct, and not misleading to the best of his / her knowledge.

Elijah Mukarram
Plaintiff
In Propria Persona

Deed Book 41334 Pg 200
Filed and Recorded [illegible]
2005-[illegible]
Real Estate Transfer Tax [illegible]
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

# Warranty Deed

STATE OF GEORGIA

COUNTY OF FULTON

THIS INDENTURE, Made the 7th day of SEPTEMBER, in the year two thousand and five 2005, between ROSA B. GRESHAM, of the County of FULTON, and State of Georgia, as party or parties of the first part, hereinafter called Grantor, and ELIJAH A. MUKARRAM, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

1891 TREMONT DRIVE NW, ATLANTA, GEORGIA 30314
SEE EXHIBIT 'A' ATTACHED HERETO

WITNESSETH that: Grantor for and in consideration of the sum of TEN ($10.00) DOLLARS in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

[signature] (Seal)
ROSA B. GRESHAM

_______________ (Seal)

Signed, sealed and delivered in presence of:

[signature]
NOTARY PUBLIC

[signature]
WITNESS





Deed Book 41234 Pg 281
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

[illegible]

ALL THAT TRACT or parcel of land lying and being in Land Lot [illegible] of the 14th District of Fulton County, Georgia, being known as Lot [illegible], Block [illegible], of a plat of a part of [illegible] by [illegible], C.E., dated [illegible], and more particularly described as follows:

BEGINNING at a point on the north side of [illegible] Avenue [illegible] feet west of the east line of said subdivision, running thence north [illegible] feet to an iron pin at the northeast corner of Lot [illegible], of said block, thence running west [illegible] feet to an iron pin at the northwest corner of Lot [illegible] of said block, thence running south [illegible] feet to [illegible] Avenue, thence running east [illegible] feet along [illegible] Avenue to the southwest corner of Lot [illegible] of said block, being the POINT OF BEGINNING.

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

| | | |
|---|---|---|
| Elijah Mukarram | ) | Case No.: |
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | |
| Countrywide Home Loans | ) | |
| Defendant | ) | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

~~McCurdy and Candler~~
~~250 E. Ponce De Leon Ave~~
Decatur GA 30030

Pro Se

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This 30 day of June, 20 08

The Hon., Cathelene Robinson
Clerk of Superior Court
By [signature]
Deputy Clerk

To Defendant upon this petition is served:

This copy of complaint and Summons was served upon you ____________, 20____

______________________
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet is addendum is used

**CERTIFICATE OF SERVICE**

I certify that I have served the foregoing **NOTICE OF REMOVAL** on the Plaintiff herein, who is proceeding *pro se*, by causing a copy of the same to be deposited in the United States mail, first class postage prepaid and properly addressed to Plaintiff, as follows:

Elijah Mukarram
1891 Tremont Drive, N.W.
Atlanta, GA 30314

This 29th day of July 2008.

Charlotte M. Wheeler
Georgia Bar No. 195201